IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY THEODORE KRALOVETZ,<br><br>  Plaintiff,<br><br> v.<br><br>MARIAN E. SPEARMAN; D. McGRIFF; SHAWN HATTON,<br><br>  Defendants | No. C 16-0264 WHA (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

   Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. The case was dismissed under 28 U.S.C. 1915A(a) because it did not state a claim upon which relief may be granted. Plaintiff's motion for reconsideration was granted, the dismissal and judgment were vacated, the case was reopened, and plaintiff was granted leave to file an amended complaint. Plaintiff has filed a timely first amended complaint. The allegations in the amended complaint, when liberally construed, state cognizable claims against defendant D. McGriff for violating his First Amendment right to the free exercise of his religion, and his constitutional right to access the courts. Plaintiff asserts no claims and makes no allegations against defendants Shawn Hatton or Marian E. Spearman. Consequently, the claims against them are **DISMISSED**.

   In light of the foregoing, it is hereby ordered as follows:

   1. The clerk shall issue summons and the United States Marshal shall serve, without

prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant **D. McGriff** at **the Correctional Training Facility in Soledad, California.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

    2. Defendant **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

    3. In order to expedite the resolution of this case:

        a. No later than **91 days** from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

        c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

        e. Along with his motion, defendant shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

    4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
2  required before the parties may conduct discovery.
3      6. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
4  informed of any change of address and must comply with the court's orders in a timely fashion.
5  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
6  Federal Rule of Civil Procedure 41(b).
7      IT IS SO ORDERED.
8  Dated: October ___2___, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.